UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD N. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01677-SEB-DLP |
| | ) | |
| JOAN MATTOX Default Entered 8/13/2018, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This cause is before the Court on Plaintiff's First Motion for Default Judgment [Dkt. 10], filed on August 22, 2018. Plaintiff Richard N. Bell filed his complaint asserting one count of copyright infringement against Defendant Joan Maddox. Ms. Maddox has not filed an answer or other responsive pleading nor defended this action in any way. A Clerk's default was entered against Ms. Maddox on August 13, 2018 [Dkt. 9]. Mr. Bell now seeks a final default judgment against Ms. Mattox for $150,000.00 in statutory damages plus $407.92 in costs as well as injunctive and declaratory relief. For the reasons detailed below, we GRANT Plaintiff's Motion for Default Judgment and award damages in a lesser amount than prayed for.

**Factual Background**

This is one in a long series of cases brought by Plaintiff about which the underlying facts are essentially identical. In March 2000, Mr. Bell, an attorney and photographer, took a photograph of the Indianapolis, Indiana, skyline ("the Indianapolis Photo"). The Indianapolis Photo was registered on August 4, 2011 with the United States

1

Copyright Office.  Mr. Bell has used the Indianapolis photograph in advertising to promote his photography business and has made the photograph available for commercial use on his personal website at the cost of a $200 license fee.  In this lawsuit, Mr. Bell alleges that Ms. Mattox willfully and deliberately downloaded or took the Indianapolis Photo from the internet without his permission and without paying the licensing fee.

On April 5, 2018, Mr. Bell discovered that Ms. Mattox had published the Indianapolis Photo on her website, http://www.readymadestaffing.com, which he claims violated his exclusive rights as the copyright owner.  Ms. Mattox began publishing the Indianapolis Photo on her website as early as December 2015, permitting third parties to access the site and copy the photograph to their computers, and has continued to display the copyrighted photograph on her website apparently through the present day.  *See* READY MADE RESOURCES, http://www.readymadestaffing.com (last visited February 11, 2019).  Ms. Mattox's website does not disclose the source of the Indianapolis Photo or otherwise credit Mr. Bell.  Rather, at the bottom of the page, the website states: "Copyright 2012 – Ready Made Resources," falsely representing that Ms. Mattox owns the copyright of all content, images, and photographs on the site.  *Id.*

According to Mr. Bell, Ms. Mattox refuses to pay the licensing fee for the Indianapolis Photo and has not agreed to be enjoined from displaying it on her website.  Mr. Bell alleges that Ms. Mattox's copyright infringement was and is willful.

## Legal Analysis

### I. Applicable Standard

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. An entry of default may be entered against a party who has failed to plead or otherwise defend herself. Fed. R. Civ. P. 55(a). Once the clerk enters default, it is within the court's discretion whether to enter a default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). "A default judgment establishes, as a matter of law, that [a] defendant[] [is] liable to plaintiff on each cause of action alleged in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Id.* (citation omitted). Accordingly, "[d]amages must be proved unless they are liquidated or capable of calculation." *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990).

### II. Discussion

To establish copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017), *reh'g and reh'g en banc denied* (July 10, 2017) (quotation marks and citation omitted). Here, Mr. Bell's complaint alleges that he is the sole owner of a registered copyright in the Indianapolis Photo; that Ms. Mattox downloaded or otherwise took the photograph from the Internet and published the photograph on her website without permission and without paying for it; that Ms. Mattox falsely indicated that she owned the copyright to all content

3

on her website; and that Ms. Mattox's conduct violated Mr. Bell's exclusive rights as owner of the copyright. These allegations are sufficient to establish Ms. Mattox's liability for copyright infringement.

A copyright owner suing for infringement "may elect . . . to recover, instead of actual damages and profits, an award of statutory damages . . . ." 17 U.S.C. § 504(c)(1). Such damages may be "in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* But "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2).

"A defendant commits willful infringement . . . if the defendant had 'knowledge that [her] actions constituted an infringement,' which may be constructive knowledge inferred from the defendant's conduct." *Microsoft Corp. v. Ram Distrib., LLC*, 625 F. Supp. 2d 674, 682 (E.D. Wis. 2008) (quoting *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995)). "A plaintiff can prove willfulness by offering circumstantial evidence giving rise to an inference of willful conduct by the defendant, even if there is no evidence establishing [her] actual knowledge." *Id.* (quoting *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 264 (2d Cir. 2005)).

Here, we find that Mr. Bell's complaint alleges sufficient facts to fall within the definition of willfulness. By placing the statement "Copyright 2012 – Ready Made Resources" at the bottom of the website that included the Indianapolis Photo, Ms. Mattox represented that she possessed the copyright for all content found on the website,

including the Indianapolis Photo.  She would have known that representation was false when she made it.  This deliberate action by Ms. Mattox of placing such common copyright language on the bottom of her website plainly asserts that she possessed the rights to Mr. Bell's copyrighted photograph.  Her failure to distinguish her copyrighted material and that of the owner of the Indianapolis Photo supports a finding of willfulness in this case.

In determining the amount of statutory damages to be awarded for this violation, the court has broad discretion to assess damages within the statutory limits.  *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952); *F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir. 1985).  The amount of statutory damages to award turns on several factors, including:

> (1) the infringer's state of mind; (2) any expenses saved and profits earned by the infringer; (3) any revenue lost by the copyright holder; (4) the deterrent effect on the infringer and others; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bell v. McLaws*, No. 1:13-cv-00035-TWP-DKL, 2015 WL 751737, at *1 (S.D. Ind. Feb. 23, 2015) (citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).

Although the facts alleged in Mr. Bell's complaint are sufficient to establish willfulness, he has failed to offer any additional evidence that would establish the kind of significant egregiousness required to support an award anywhere close to the $150,000 he seeks.  For example, he has not shown whether Ms. Mattox created the website herself or played any direct role either in selecting the Indianapolis Photograph for use on the

5

website or in deciding to include the "Ready Made Resources" copyright on the website as opposed to the content having been chosen and displayed by someone whom she hired to build the website. Further, although Mr. Bell alleges that, in addition to displaying the copyrighted photograph, Ms. Mattox also allowed third parties to download the Indianapolis Photo from her website, he has submitted no evidence to establish that any third party actually ever did so. There is also no evidence establishing the amount of profits, if any, that Ms. Mattox earned or the amount of revenue (other than the $200 licensing fee) that Mr. Bell lost as a result of Ms. Mattox's posting of the Indianapolis Photo.

Additionally, as we have previously noted, the Indianapolis Photo is now nearly twenty years old, and, given changes to the city's skyline, is out of date. Mr. Bell has embarked on a years-long campaign to vindicate his ownership interest in the Indianapolis Photo as well as another photo of the city's skyline, through the filing of an estimated 200 lawsuits. Mark Alesia, *Lawsuits Tower Over Indy Skyline Picture*, INDIANAPOLIS STAR, May 8, 2018, at 1A. Mr. Bell has been awarded statutory damages on default judgments in a number of those lawsuits in this court, which "suggests that Mr. Bell already has been paid, or can seek collection of, a relatively large amount of money because of unauthorized uses of his [Indianapolis] Photo." *Bell v. KG Am. Real Estate Holdings, LLC*, No. 1:15-cv-01423-JMS-DML, 2016 WL 8669801, at *3 (S.D. Ind. July 22, 2016) (M.J. opinion), *adopted by* 2016 WL 7971721 (S.D. Ind. Sept. 16, 2016).

In view of these facts, we find that an award of $3,000.00 is a just amount of statutory damages in this case. *Cf. KG Am. Real Estate Holdings*, 2016 WL 7971721

6

(awarding Mr. Bell $2,000 in statutory damages for willful copyright infringement). This amount is fifteen times the amount he would have received if Ms. Mattox had paid the licensing fee of $200 allowing her to lawfully use the photograph. Under the circumstances, this amount is sufficient to compensate Mr. Bell for his losses and to deter similar conduct by Ms. Mattox and others.

Mr. Bell also seeks injunctive relief in this lawsuit. Pursuant to the Copyright Act, the court may grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Here, monetary damages will not sufficiently compensate Mr. Bell for his injury because such damages will not prohibit future infringement. Given that Ms. Mattox continues to display the Indianapolis Photo on her website and has been totally unresponsive to the claims lodged against her in this lawsuit, an injunction is appropriate. The only hardship Ms. Mattox will suffer from the imposition of an injunction preventing her from posting the Indianapolis Photo on her website is the prohibition from engaging in further unlawful activity through the unauthorized use of the copyrighted photograph. An injunction here will serve the public interest by protecting copyrighted material and encouraging compliance with federal law. It will also prohibit Ms. Mattox from posting the Indianapolis Photograph on her website so long as the statutory damages awarded herein remain unpaid.

Mr. Bell further requests the Court to enter a declaratory judgment "that Defendant's unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act." Compl. at 8. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court may render a declaratory judgment "where there exists an actual

controversy …." *Bell v. Taylor*, 827 F.3d 699, 711 (7th Cir. 2016) (quoting *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995)). By default, it is taken as true that Mr. Bell owns the copyright in the Indianapolis Photo and that Ms. Mattox has no rights in the copyrighted photo. Thus, we decline to exercise our power under the Declaratory Judgment Act because the issues on which Mr. Bell seeks declarations are not contested in this case. *See Taylor*, 827 F.3d at 711 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)) (court should decline to enter declaratory judgment where there is "no actual controversy of 'sufficient immediacy and reality to warrant'" its issuance).

Finally, Mr. Bell seeks an award of costs. The Copyright Act provides the court with discretion to award fees and costs. 17 U.S.C. § 505. We find it appropriate here to award Mr. Bell his litigation costs, which he has established total $407.92.

## III.    Conclusion

Ms. Mattox has failed to defend this litigation. Accordingly, we GRANT Mr. Bell's motion for default judgment. DEFAULT JUDGMENT is hereby entered against Ms. Mattox in the amount of $3,000.00 as statutory damages on Mr. Bell's copyright infringement claim and $407.92 in costs reimbursements for Mr. Bell's litigation costs. In addition, Ms. Mattox is hereby ENJOINED from posting the Indianapolis Photo on her

website so long as the statutory damages awarded herein remain unpaid. Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date: 2/12/2019

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard N. Bell
BELL LAW FIRM
richbell@comcast.net

JOAN MATTOX
1130 S Wabash Ave, Ste 202
Chicago, IL 60605